UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANESHA PARKER,[1]

     Plaintiff,

v.                             Case No: 8:23-cv-2591-MSS-SPF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____/

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Anesha Parker seeks judicial review of the Commissioner of Social Security's initial denial of her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") (Doc. 15). The Commissioner's Motion to Dismiss or in the Alternative, for Summary Judgment (Doc. 16) is before the Court. The Court converted the motion into one for summary judgment (Doc. 17), and Plaintiff responded (Doc. 21). The undersigned recommends that the Commissioner's summary judgment motion be granted.

---

[1] This case was consolidated with the duplicate case of *Doe v. Commissioner of Social Security*, No. 8:23-cv-2681-MSS-SPF (*see* Doc. 14). In both cases, Plaintiff purported to proceed under a pseudonym. The Court denied Plaintiff's request to seal the case because "considering the totality of the circumstances, Plaintiff fails to demonstrate a substantial privacy right that outweighs the presumption of openness in judicial proceedings." (No. 8:23-cv-2681-MSS-SPF, Doc. 8 at 3). Plaintiff appealed, but the Eleventh Circuit dismissed the appeal for lack of prosecution (No. 8:23-cv-2681-MSS-SPF, Doc. 18). Here, Plaintiff captioned her Amended Complaint *Jane Doe v. Commissioner of Social Security* (*see* Doc. 15). Although Plaintiff did not include her real name in the case caption, she signed her Amended Complaint in her real name (Doc. 15 at 4); the Clerk amended the case caption to identify Plaintiff by her real name, Anesha Parker.

## I.     Background

Plaintiff filed SSI and DIB applications in April 2022 (Doc. 16 at 17-25).   On June 5, 2023, the Social Security Administration denied Plaintiff's claims and mailed her notices informing her of her right to appeal the agency's decision within 60 days (*Id*. at 27-35).   Plaintiff timely requested reconsideration on June 21, 2023 (*Id*. at 36).   without waiting for a response, Plaintiff requested a hearing before an Administrative Law Judge on August 8, 2023 (*Id*. at 37).   Then, on September 4, 2023 and October 12, 2023, Plaintiff also requested that the Appeals Council review the agency's denial (*Id*. at 39-43).   The agency has not yet decided Plaintiff's reconsideration request (Declaration of Belinda Davis ("Davis Declr."), Doc. 16 at 16 ¶ 10)).   With her claims pending at the state administrative level, Plaintiff filed her (duplicate) federal actions, claiming the Commissioner's decision is unsupported by substantial evidence (*see* Doc. 15).

At this juncture, the Commissioner requests summary judgment on Plaintiff's claims because she has not exhausted her administrative remedies and, therefore, has not obtained a "final decision" under 42 U.S.C. § 405(g) (Doc. 16).   In support, the Commissioner submits the declaration of Belinda Davis, Social Insurance Specialist in the Atlanta Regional Office of the Social Security Administration (Doc. 16 at 14-16).   Because Davis's affidavit is a document outside the pleadings, and considering Plaintiff's *pro se* status, the Court converted the Commissioner's motion to a summary judgment motion and gave Plaintiff additional time to respond.   *See* Fed. R. Civ. P. 12(d), ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under

Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.") (Doc. 17).

In Plaintiff's response (Doc. 21), she argues that administrative exhaustion is not an appropriate issue for the Court to resolve at the motion to dismiss stage because her complaint, on its face, alleges constructive exhaustion of remedies.  In the alternative, she asks the Court to waive the administrative exhaustion requirement, alleging her federal appeal challenges the agency's procedures, not its denial of her benefits applications (*Id.* at 5-9).  Central to both arguments – according to Plaintiff – is whether the agency complied with its own regulations when it issued "a contradictory decision finding the Plaintiff did not meet the requirements for disability when the States' agency had predetermined a severe condition that warranted the appointment of a guardian." (*Id.* at 7).

## II.    Discussion

Section 405(g) of the Social Security Act (the "Act") provides federal subject matter jurisdiction for courts to review final decisions of the Commissioner of Social Security. *Smith v. Berryhill*, 587 U.S. __, 139 S.Ct. 1765, 1772 (2019); *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984).  The subsection states:

> (g) Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow . . . .

42 U.S.C. § 405(g) (emphasis added).[2]  Section 405(h) provides:

> No findings of fact or decisions of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

The Social Security Act does not define "final decision," but the Supreme Court has explained that § 405(g) "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the [Commissioner] be exhausted.'"  *Smith*, 139 S.Ct. at 1773 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)).  Where a claimant has a claim-ending determination "from [the agency]'s last-in-line decisionmaker after bringing [her] claim past the key procedural post (a hearing) mentioned in § 405(g), there has been a 'final decision . . . made after a hearing' under § 405(g)."  *Id*. at 1777.

Here, according to the Commissioner, Plaintiff did not obtain a final decision before appealing to federal court, because her case is still before the agency at the reconsideration stage.  And because she did not obtain a final decision, she did not exhaust her administrative remedies before filing this case (Doc. 16).  Although exhaustion is not a jurisdictional requirement (as the Commissioner points out), it "'is generally required as

---

[2]  This pertains to DIB applications under Title II of the Act.  The requirements for judicial review of agency decisions regarding SSI applications under Title XVI of the Act are identical.  *See* 42 U.S.C. § 1383(c)(3).

a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.'" *Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)).

Considering the facts in the light most favorable to Plaintiff – as the Court must do – Plaintiff did not obtain a final decision before seeking judicial review.  On a Social Security claimant's initial application for disability benefits, she must complete a four-step administrative review process: (1) the initial determination; (2) a request for reconsideration; (3) a hearing before an ALJ; and (4) Appeals Council review.  *See* 20 C.F.R. § 405.1(b); *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1263-64 (11th Cir. 2007). After step four, the final decision for purposes of judicial review under § 405(g) arises in two ways.  First, if the Appeals Council denies the claimant's request for further review, the ALJ's decision becomes the Commissioner's final decision.  20 C.F.R. §§ 404.981, 422.210(a).  Second, if the Appeals Council opts to review the individual's claim, the Appeals Council's decision (rather than the ALJ's) becomes the Commissioner's final one. *Id*.  In either instance, the Appeals Council must take *some* action – either denying review or issuing its own decision – before the claimant can say she has exhausted her administrative remedies for purposes of judicial review.  *Id.*; *see also Walker-Butler v. Berryhill*, 857 F.3d 1, 2-3 (1st Cir. 2017) (explaining different ways to obtain a final decision under § 405(g)).

Here, although Plaintiff timely requested reconsideration of the agency's June 5, 2023 denial of her applications, the agency has not made a reconsideration determination. Plaintiff has not had a hearing before an ALJ or obtained Appeals Council review of an ALJ's decision made after a hearing; the undisputed facts demonstrate that Plaintiff does not have a claim-ending determination from a last-in-line decisionmaker and has not obtained a final agency decision. *See Smith*, 139 S.Ct. at 1777.

In rare circumstances courts excuse the exhaustion requirement. *Id.* at 1773 (citations omitted).  A plaintiff must demonstrate: (1) the claims in her lawsuit are collateral to her claims for benefits; (2) the plaintiff would be irreparably injured were the exhaustion requirement enforced; and (3) exhaustion would be futile. *Bowen v. City of New York*, 476 U.S. 467, 483-85 (1986); *see also Sherrod v. Chater*, 74 F.3d 243, 245 (11th Cir. 1996) ("[J]udicial review may be had where the claimant raises a colorable constitutional issue because constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." (internal citations and quotations omitted)).

According to Plaintiff, her situation justifies excusing the administrative exhaustion requirement.  First, she argues her Amended Complaint asserts claims collateral to her claims for disability benefits.  She explains, "the State has also declared Plaintiff as a person in need of a guardian due to a documented medical condition[,]" a decision in conflict with the agency's denial of her SSI and DIB disability applications (Doc. 21 at 4).  But Plaintiff's Amended Complaint does not reference or provide any detail about a conflicting state decision (*see* Doc. 15).  Reading between the lines, it appears

a Florida state probate court may have appointed a guardian for plaintiff, meaning the state considers her a legally incapacitated ward unable to make her own decisions about financial and personal affairs.  The standard for finding an individual incapacitated for purposes of Florida's guardianship program, however, differ from the standards for finding her disabled under the Act.  Even construing her claims in the light most favorable to her, that Plaintiff has been declared incapacitated may relate to her argument that the agency's decision is unsupported by substantial evidence, but it is not sufficient justification for waiving the exhaustion requirement.  Plaintiff's claims in her Amended Complaint are not collateral to her claims for benefits.

Regarding the second factor, there is no record evidence supporting Plaintiff's argument that she would be irreparably harmed if forced to pursue the administrative review process to its end and obtain a final decision before appealing to federal court.  Her frustration over the agency's feet-dragging is understandable but not actionable on this record.  Finally, Plaintiff fails to demonstrate the futility of the exhaustion requirement. She argues "exhaustion would be futile because the relief Plaintiff seeks should have been available to her, and the Commissioner has essentially abused its discretion in failing to adhere to the procedural and statutory regulations." (Doc. 21 at 8).  She does not explain why the agency's denial of her benefits applications at the initial level renders the remaining steps of the administrative review process futile.[3]

---

[3]  For these same reasons, Plaintiff's equitable estoppel argument also fails (Doc. 21 at 9-11).

Plaintiff has not obtained a final decision under 42 U.S.C. § 405(g) and her circumstances do not warrant waiving the exhaustion requirement.

### III.   Conclusion

The undersigned **RECOMMENDS:**

(1) the Commissioner's Motion to Dismiss or, in the Alternative, For Summary Judgment (Doc. 16) be GRANTED and judgment be entered in the Commissioner's favor; and

(2) the Clerk of Court be directed to close the case.

**IT IS SO REPORTED** in Tampa, Florida, on July 8, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

### <u>NOTICE TO PARTIES</u>

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.